IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER A. BRADSHAW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 118-090 |
| | ) | |
| EDWARD PHILBIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**O R D E R**

_____

On May 22, 2018, Petitioner Christopher A. Bradshaw submitted an application for

writ of habeas corpus, filed on forms used for the Superior Courts of the State of Georgia,

challenging a judgment of conviction entered in the Superior Court of Clayton County.

(Doc. no. 1.)  Because it was unclear whether Petitioner intended to seek state or federal

habeas relief, this Court ordered him to either refile his petition on the standard form used by

incarcerated litigants in the Southern District of Georgia or inform the Court of his intent to

withdraw his petition.  (Doc. no. 4.)  Petitioner has now responded to this Court's Order and

indicates he wishes to withdraw the present petition.  (Doc. no. 5.)

Under Fed. R. Civ. P. 41(a)(1)[1], an action may be voluntarily dismissed without a

court order "by filing a notice of dismissal before the opposing party serves either an answer

_____

[1]Under Rule 12 of the Rules Governing Section 2255 cases, "[t]he Federal Rules of
Civil Procedure . . ., to the extent they are not inconsistent with any statutory provisions or
these rules, may be applied to a proceeding under these rules."

or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1). In the instant case, Respondent has not filed an answer or motion of any kind.

Therefore, the Court **GRANTS** Petitioner's request to withdraw his case, **DENIES AS MOOT** Petitioner's motion for leave to proceed *in forma pauperis* (doc. no. 3), and **DISMISSES** without prejudice the § 2254 petition. Should Petitioner ever attempt to file another federal habeas corpus petition, the dismissal without prejudice will not excuse him from having to comply with any applicable provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, including the one-year statute of limitation provision, 28 U.S.C. § 2244(d), and the requirement of exhausting all available state court remedies, 28 U.S.C. § 2254(b)(1)(A) & (c).

SO ORDERED this 10th day of July, 2018, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA